UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------X

DAVID GALIMIDI,　　　　　　　　　　　　Civil Action No.: 17-CV-13493

　　　　　　　　　Plaintiff,　　　　　　　**AMENDED**
　-against-　　　　　　　　　　　　　　　**COMPLAINT FOR**
　　　　　　　　　　　　　　　　　　　　**VIOLATIONS OF THE TELEPHONE**
HYUNDAI CAPITAL AMERICA, INC.　　　**CONSUMER PROTECTION ACT**

　　　　　　　　Defendant(s).
　　　　　　　　　　　　　　　　　　　　**DEMAND FOR JURY TRIAL**

------------------------------------------------------------X

## INTRODUCTION/PRELIMINARY STATEMENT

Plaintiff DAVID GALIMIDI ("Plaintiff"), by and through his attorney, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendant HYUNDAI CAPITAL AMERICA, INC. (hereinafter referred to as Defendant), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2. Defendant is subject to, and required to abide by, the laws of the United States and the State of New York, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C.

§227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3. Plaintiff DAVID GALIMIDI is a resident of the State of New Jersey residing at 414 Warren Avenue, Lakewood, NJ 08701.

4. Defendant (s) Hyundai Capital America, Inc. has a Corporate headquarters located at 10550 TALBERT AVENUE FOUNTAIN VALLEY, CA 92728.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331 and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On or about February 2017, Defendant began communicating with the Plaintiff by placing auto dialed phone calls to the Plaintiff's cell phone number of (305) 742-7837 and leaving messages.

9. On February 7th, 2017 based on these phone calls the Plaintiff called the Defendant and was connected with a female representative. The Plaintiff informed the representative he had been receiving phone calls from their number and would like for them to stop.

10. The Plaintiff then asked what the phone calls were in reference to and what information the representative would need to pull up his account.

11. The representative asked for the Plaintiff's name and social security number. Once the representative accessed the account she informed the Plaintiff he was receiving the calls because his account was 18 days late.

12. The Plaintiff asked when the payment was due and what the past due amount was.

13. The representative informed the Plaintiff his due date was the 20th and the past due amount was $ 234.98.

14. The Plaintiff then asked the representative if he could make his payment on line and the call was concluded.

15. On June 11th, 2017 the Plaintiff called the Defendant and once again was connected with a female representative.

16. The Plaintiff informed the representative that he was receiving phone calls from Defendant and would like for them to stop.

17. The representative asked for the Plaintiff's name and social security number to access his account.

18. The representative then informed the Plaintiff that his account was current, and his next payment was not due until June 20th.

19. The Plaintiff asked the representative why was he still receiving calls.

20. The representative stated there was a late fee owed of $35.25 on the account.

21. The Plaintiff said that he would call and get that paid but he did not want a call back.

22. The representative apologized to the Plaintiff for the phone calls he had been receiving and the call was then concluded.

23. After the conclusion of both calls and the request to have the phone calls stop the Defendant continued to call the Plaintiff on his cell phone. To date the Plaintiff has received at least 250 calls from the Defendant.

### FIRST CAUSE OF ACTION
#### (Violations of the TCPA)

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

26. It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges. See *Breslow c. Wells Fargo Bank, N.A.* 857 F. Supp 2d

1316, 1319 (S.D. Fla. 2012) and <u>Cavero v. Franklin Collection Serv., Inc.</u>, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, in <u>Manno v. Healthcare Revenue Recovery Grp., LLC</u>, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be 'charged for' the calls in order to have standing to sue." In <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

27. It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

28. With the autodialed calls to Plaintiff's telephone commencing on or about February 7, 2017 and continuing at a rate of approximately (250) times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

29. The Defendant, having been informed that Plaintiff requested that no further calls be received, willfully violated the TCPA at least (250) times.

30.     Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur."  Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

31.     Defendant is in violation of the TCPA paragraphs 139 (3) for, upon information and belief, having used its calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

32.      Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

33.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A. For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

B. A declaration that the Defendant's practices violated the TCPA;

C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: February 1, 2018

Respectfully submitted,

_____
Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Tel:(914)473-6783

*Attorney for the Plaintiffs',*
DAVID GALIMIDI

TO: HYUNDAI CAPITAL AMERICA, INC.
    10550 TALBERT AVENUE
    FOUNTAIN VALLEY, CA 92728

*(Via Prescribed Service)*

Clerk of the Court,

United States District Court, District of New Jersey
Clarkson S Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

*(Via Electronic Court Filing)*